IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDREA RENE'E TOOTLE,

Plaintiff

v                                          Civil Action No. JFM-17-1684

BEAUX ART INSTITUTE OF PLASTIC
  SURGERY,
DR. NIA BANKS,[1]

Defendants

***

## MEMORANDUM

Andrea Tootle, a resident of Hanover, Maryland, seeks money damages and alleges that Dr. Nia Banks, a plastic surgeon at the Beaux Art Institute of Plastic Surgery in Lanham, Maryland, committed medical malpractice during surgery performed on June 28 and August 13, 2012.[2] Tootle's motion seeking in forma pauperis status (ECF 2) shall be granted. For reasons noted herein, the complaint shall be dismissed without prejudice for lack of federal or diversity jurisdiction.

Pursuant to 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. *See Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner complaint); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-

---

[1] The Clerk shall amend the docket to reflect Dr. Banks' full name and to list her as a defendant.

[2] It is unclear whether Tootle's claim is timely. Maryland law provides a tiered limitations period for medical malpractice claims. The limitations period runs three years from the discovery of the injury or five years from injury, whichever is earlier. *See* Md. Code Ann. Cts. & Jud. Proc. § 5-109(a).

prisoner actions); *Evans v. Albaugh,* 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).[3]

The jurisdiction of the federal courts is limited, and the burden of establishing subject matter jurisdiction rests on the party invoking the jurisdiction of the court. *See Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982). There is no presumption that jurisdiction is vested in the court. *See Pinkley, Inc. v. City of Frederick,* 191 F.3d 394, 399 (4th Cir. 1999).

A court may consider subject matter jurisdiction as part of its initial review of the Complaint. *See Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"). In general, if subject matter jurisdiction is lacking, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte*. *See Joseph v. Leavitt,* 465 F.3d 87, 89 (2d Cir. 2006). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.,* 369 F.3d 385, 390 (4th Cir. 2004). Tootle's complaint is based on medical malpractice by a

---

[3] Title 28 U.S.C. Section 1915(e)(2)(B) provides:

    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

        (B) the action or appeal—
            (i) is frivolous or malicious;
            (ii) fails to state a claim on which relief may be granted; or
            (iii) seeks monetary relief against a defendant who is immune from such relief.

private Maryland physician, a state tort claim. There is no jurisdictional basis to consider the complaint under this court's 28 U.S.C. § 1331 jurisdiction.

The federal court does not sit to review every claim related to alleged tortious conduct involving non-federal parties. It may, however, have authority to review such state-law claims based on the court's diversity of citizenship jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. It is a firmly established general rule of the federal courts that a plaintiff's diversity claim is the measure of the amount in controversy and determines the question of jurisdiction. *See McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). Tootle seeks sufficient damages and satisfies the amount-in-controversy requirement. The named defendants, however, are located in Maryland, where Tootle also resides. Thus, the parties are not diverse.

Even if this court were to assume that diversity jurisdiction existed, Tootle's medical malpractice claim would be subject to dismissal unless Tootle demonstrated that she had first presented her medical malpractice claim to the Maryland Health Claims Arbitration Board. *See* Md. Code Ann., Cts & Jud. Proc. §3-2A-04 *et seq*. Maryland law requires a medical malpractice claim to be filed with the Health Claims Arbitration Board as a condition precedent to filing a malpractice or negligence suit. *See Attorney General v. Johnson*, 385 A.2d 57 (Md. 1978). The complaint does not indicate that the condition has been met.

For the reasons set out herein, the complaint shall be summarily dismissed by separate order. Tootle remains free to bring her claim in the appropriate state court.

Date

J. Frederick Motz
United States District Judge

3